Dear Dr. Reagen:
This opinion letter is in response to the following questions:
 (1) The Older Americans Act of 1965, 42 U.S.C. § 3001, et seq., authorized the creation of Area Agencies on Aging (AAA's) by the designated State Agency (in Missouri the Department of Social Services, Division of Aging (DOSS/DOA)) and vested the State Agency with certain powers and authority under the Act. What is the extent of DOSS/DOA authority under the Act (and any other federal or state authority) to govern and administer the AAA's, to include direct intrusion into and the superseding of AAA governing board decisions and defining or redefining existing AAA structure and organization, and does DOSS/DOA gain any additional authority by virtue of the fact it awards Title XX Social Services Block grants, U.S. Department of Agriculture or Missouri General Revenue funds to AAA's?
 (2) To what extent, if any, does the nature of the AAA's in question (i.e., as not-for-profit corporations, units of local government, subdivisions of local government, or as units of a regional council of governments) affect the answer to question (1) above, or render the authority of DOSS/DOA subordinate to that of the AAA board of directors in that regard? See 42 U.S.C. § 3025(c).
These questions concern a system established by federal and state statutes and regulations to aid elderly and handicapped individuals by means of funding, information gathering, analysis, planning, training and coordination and provision of resources and activities and projects. See Title III of the Older Americans Act, 42 U.S.C. §§ 3021 to 3030; Sections 660.050 to 660.057, RSMo; and the implementing regulations at 45 C.F.R. Part 1321 and 13 CSR 15-4.010 to 4.300.[1]
Under Subchapter III of Chapter 35, 42 U.S.C. § 3001et seq., the federal government, through the Administration on Aging, provides funds to the state of Missouri through a single state agency to be designated by the state pursuant to42 U.S.C. § 3025(a)(1). The state of Missouri has designated the Division of Aging of the Department of Social Services as that agency. Section 660.050.2(11), RSMo 1986. In order to receive federal funds, the state must comply with the requirements of 42 U.S.C. § 3025 which include, among other things, the state being divided into distinct planning and service areas (42 U.S.C. § 3025(a)(1)(E) and45 C.F.R. Sections 1321.9(d) and 1321.43) and designating "a public or private nonprofit agency or organization as the area agency on aging for such area" (42 U.S.C. § 3025(a)(2)(A);45 C.F.R. Sections 1321.45 and 1321.57; and 13 CSR 15-4.070(1)).
42 U.S.C. § 3025(c) and 13 CSR 15-4.070(2) and (3) describe what type of agencies can be designated as area agencies on aging. In selecting the area agency on aging for each of the planning and service areas, the Division of Aging must determine as adequate the assurance by the proposed area agency "that the area agency will have the ability to develop an area plan and to carry out, directly or through contractual or other arrangements, a program in accordance with the plan within the planning and service area." 42 U.S.C. § 3025(c).42 U.S.C. § 3027(a) requires further assurances be made by the state agency concerning the organization and administration of the area agency on aging. The Older Americans Act and the regulations promulgated thereunder make no provision for the state agency to enforce its responsibilities vis-a-vis the area agency on aging except to monitor and evaluate its activities and to withdraw the designation of area agency on aging pursuant to 45 C.F.R. Section 1321.39(a) which provides:
 (a) In carrying out section 305 of the Act, a State must withdraw the area agency designation whenever it, after reasonable notice and opportunity for a hearing, finds that —
 (1) An area agency does not meet the requirements of this part;
 (2) An area plan or plan amendment is not approved; or
 (3) There is substantial failure in the provisions or administration of an approved area plan to comply with any provision of the Act or of this part.
However, 45 C.F.R. Section 1321.5(b) makes the provisions of 45 C.F.R. Part 74 — Administration of Grants, except Subpart N, applicable to the administration of the grants under the Older Americans Act. Relevant to your question is 45 C.F.R. Section 74.7 which provides:
 (a) Without regard to the deviation control procedures of § 74.6, special grant conditions more restrictive than those prescribed in this Part 74 may be imposed as needed when the granting agency has determined that the grantee:
(1) Is financially unstable,
 (2) Has a history of poor performance, or
 (3) Has a management system which does not meet the standards of this part.
 (b) When special conditions are imposed under paragraph (a) of this section, the grantee will be notified in writing:
 (1) Why the special conditions were imposed and
 (2) What corrective action is needed.
 Furthermore, in accordance with OMB Circulars A-102 and A-110, OMB and other Federal agencies in a granting relationship with the grantee will be provided copies of the notice to the grantee.
 (c) Grantees may apply the provisions of paragraphs (a) and (b) of this section to their subgrantees. Whenever they do so, a copy of the notice to the subgrantee shall be furnished to the granting agency.
State law also makes provisions regarding the responsibilities of the Division of Aging and the local area agencies on aging. According to Section 660.053(1), RSMo Supp. 1987, an area agency on aging is:
 (1) . . . the agency designated by the division [of Aging] in a planning and service area to develop and administer a plan and administer available funds for a comprehensive and coordinated system of services for the elderly and handicapped persons who require similar services.
Furthermore, Section 660.057.1, RSMo 1986, provides that "an area agency on aging shall operate with local administrative responsibility for Title III of the Older Americans Act, and other funds allocated to it by the division".
The legislature requires each area agency on aging to have a board which is "the local policy-making board which directs the actions of the area agency on aging under state and federallaws and regulations". (Emphasis added). Section 660.053(2), RSMo Supp. 1987. Furthermore, the board is responsible "for all actions of an area agency on aging in its jurisdiction, including, but not limited to, the accountability for funds andcompliance with federal and state laws and rules." (Emphasis added). Section 660.057.1, RSMo 1986. The board must appoint a director of the agency and also appoint an advisory council. Subsections 1 and 2, respectively, of Section 660.057, RSMo 1986. Finally, the legislature specifies the duties of the area agencies on aging in subsection 3 of Section 660.057 which include planning, data gathering, needs assessment, coordination, advocacy on behalf of the aging, contracting, monitoring and evaluation of services, research and training.
The Division of Aging is the "central state agency with primary responsibility for the planning, coordination, development, and evaluation of policy, programs, and services for elderly persons in Missouri and the designated state unit on aging, as defined in the Older Americans Act of 1965". Section660.050.2(11), RSMo 1986. The Division must determine "area agencies on aging annual allocations for Title XX and Title III of the Older Americans Act expenditures". Section660.050.2(20), RSMo 1986. The Division is also to provide "technical assistance, planning and training to local area agencies on aging" as well as "assistance in applying for federal, state, and private grants and identifying new funding sources". Section 660.050.2(3) and (19), RSMo 1986. The local plan for service delivery developed by the area agency must be approved by the Division of Aging (Section 660.057.3(2), RSMo 1986, and 13 CSR 15-4.160) and the area agency must comply with the Division's requirements "for client and fiscal information, and provide to the division information necessary for federal and state reporting, program evaluation, program management, fiscal control and research needs" (section 660.057.3(10), RSMo 1986, and 13 CSR 15-4.170 and 4.200).
Similar to 45 C.F.R. Section 1321.39, Section 660.050.4, RSMo 1986, provides in part:
 4. The division may withdraw designation of an area agency on aging only when it can be shown the federal or state laws or rules have not been complied with, state or federal funds are not being expended for the purposes for which they were intended, or the elderly are not receiving appropriate services within available resources, and after consultation with the director of the area agency on aging and the area agency board. . . .
The administrative rules promulgated by the Department of Social Services make further specific requirements of the area agencies on aging, their boards, directors and staff. See13 CSR 15-4.100, 4.120, 4.130 and 4.140 to 4.300. The provisions of Section 660.050.4 are mirrored in 13 CSR 15-4.080
which provides in part:
 (1) The division may withdraw an area agency's designation if —
 (A) The area agency does not comply with requirements of the federal and state laws or rules;
 (B) State or federal funds are not being expended for the purposes for which they were intended; and
 (C) Elderly persons are not receiving appropriate services within available resources.
In answer to your questions, 45 C.F.R. Section 74.7 provides authority for the subgrantor to impose special grant conditions upon the recipient of a subgrant. This would apply in regard to the Older Americans Act in which the DOSS/DOA is the subgrantor and the local AAA is a subgrantee. To what extent the special conditions can allow for "direct intrusion into and the superseding of AAA governing board decisions and defining or redefining existing AAA structure and organization" is difficult to answer in the abstract. As a general rule, any AAA which is a subdivision or unit of local government cannot by contract delegate away its governmental powers. Both its structure and the decision-making powers of its governing body are established by law and cannot be changed by contract.
In regard to a private not-for-profit corporation, the law provides that such is governed by a board of directors or an executive committee appointed by the board. Sections 355.130 and 355.155, RSMo 1986. The board cannot delegate its essential management responsibilities and powers to an outside party, at least not in such a way that the board loses control of the management of the corporation. Jones v. Williams, 139 Mo. 1,40 S.W. 353, 372-373 (1897). In the same vein, corporate officers who have had delegated to them management functions, cannot delegate their discretionary powers to others. Clay v.Brown, 148 Mo.App. 541, 128 S.W. 803 (St.L. Ct.App. 1910).
Therefore, as a general rule, this office concludes that neither a local governmental entity nor a not-for-profit corporation which is designated as a AAA can, in exchange for receiving a grant of government money, delegate to DOSS/DOA the power to make governmental or managerial decisions which countermand decisions made by the governing body or officers of that entity.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] The text of the administrative rules promulgated by the Department of Social Services is located at Vol. 11, Missouri Register, pages 247 to 279 as revised at Vol. 11, Missouri Register, pages 806 to 812 with Orders of Rulemaking at Vol. 11, Missouri Register, page 806 and Vol. 11, Missouri Register, page 910. The former rules at 13 CSR 15-6 were rescinded at Vol. 11, Missouri Register, pages 812 to 813.